# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA<br><br>Plaintiff,<br><br>v.<br><br>GENENTECH, INC.<br><br>Defendant. | C.A. No. 22-CV-145-JLH<br><br>**FILED UNDER SEAL** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (NO. 1) OF NO INVALIDITY UNDER SEC. 102(a) & (b) (PIETRAS WORK)**

Dated: December 4, 2024

Elizabeth J. Holland *(pro hac vice)*
Dov Hirsch *(pro hac vice)*
Mena J. Gaballah *(pro hac vice)*
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300
elizabeth.holland@aoshearman.com
dov.hirsch@aoshearman.com
mena.gaballah@aoshearman.com

John T. Bennett *(pro hac vice)*
Nicholas K. Mitrokostas *(pro hac vice)*
Katherine P. Kieckhafer *(pro hac vice)*
Shaobo Zhu *(pro hac vice)*
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500
nicholas.mitrokostas@aoshearman.com
katherine.kieckhafer@aoshearman.com
shaobo.zhu@aoshearman.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

William G. James *(pro hac vice)*
Matthew R. Miner *(pro hac vice)*
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005
(202) 683-3800
william.james@aoshearman.com
matthew.miner@aoshearman.com

*Attorneys for Plaintiff*

Plaintiff The Trustees of the University of Pennsylvania ("Penn") hereby responds to Genentech's Concise Statement of Material Facts as to which there is a Genuine Issue to Be Tried (D.I. 256) regarding Penn's motion for summary judgment (No. 1) of no invalidity under § 102(a) & (b) (Pietras Work).

Penn's Response to Genentech's SOF No. 1: Undisputed for the purposes of this motion, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 2: Undisputed for the purposes of this motion, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 3: Undisputed for the purposes of this motion, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 4: Disputed, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998. There is nothing corroborating Dr. Pietras's testimony.

Penn's Response to Genentech's SOF No. 5: Undisputed for purposes of this motion that Dr. Pietras published articles referencing anti-HER2 antibodies during the 1990s. Otherwise disputed, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 6: Undisputed for purposes of this motion that Dr. Pietras published Pietras 1992 in the book of abstracts for the 1992 AACR conference. Otherwise disputed, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 7: Undisputed for purposes of this motion that in 1994, Dr. Pietras published Pietras 1994 in Oncogene. Otherwise disputed, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 8: Undisputed for purposes of this motion that Dr. Pietras is a co-author of Pegram 1995. Otherwise disputed, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 9: Undisputed for purposes of this motion that Dr. Pietras published Pietras 1996 in the book of abstracts for the 1996 American Association for Cancer Research (AACR) conference and that it stated "[t]herapy with MAb also enhances tumor sensitivity to radiation (1-5 Gy)". Def. Ex. 67, Pietras 1996, GNE_UPENN_00043804. Otherwise disputed, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 10: Disputed, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998. It incorrectly summarizes Dr. Pietras's testimony which is, in any event, uncorroborated.

Penn's Response to Genentech's SOF No. 11: Undisputed for purposes of this motion, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 12: Disputed, but immaterial to whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998. It is unclear what "Pietras 1996 work" refers to, and Dr. Pietras's testimony is uncorroborated.

Penn's Response to Genentech's SOF No. 13: Disputed, but immaterial to the issue of whether Dr. Pietras made publicly disclosed the claimed inventions prior to July 8, 1998. Dr. Pietras's testimony is uncorroborated.

Penn's Response to Genentech's SOF No. 14: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998. The cover page of the Grant Application actually belonged to a different grant application. Ex. 2, Pietras Tr., 138:11-22.

Penn's Response to Genentech's SOF No. 15: Undisputed for purposes of this motion, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998. Moreover, Dr. Pietras's testimony about the Grant Application was uncorroborated.

Penn's Response to Genentech's SOF No. 16: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998. Genentech asked Dr. Pestell to confirm that the Grant Application was received by NIH in 1996 based on the stamp that Dr. Pietras had already testified belonged to a different grant application.

Penn's Response to Genentech's SOF No. 17: Undisputed for the purposes of this motion, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 18: Undisputed for the purposes of this motion, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 19: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998. The paraphrasing of Dr. Pegram's opinions in ¶¶ 246, 265, 268 of his report is incorrect and Dr. Pegram's opinions rely on the uncorroborated testimony of Pietras.

Penn's Response to Genentech's SOF No. 20: Undisputed for the purposes of this motion, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 21: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 22: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 23: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 24: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 25: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 26: Disputed, but immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.

Penn's Response to Genentech's SOF No. 27: Disputed. Dr. Pietras's testimony is uncorroborated and is immaterial to the issue of whether Dr. Pietras publicly disclosed the claimed inventions prior to July 8, 1998.  Genentech's paraphrasing of Dr. Pietras's testimony is also incorrect.

|  |  |
|---|---|
| Dated: December 4, 2024 | Respectfully submitted,<br><br>FARNAN LLP<br><br>*/s/ Brian E. Farnan*<br>Brian E. Farnan (Bar No. 4089)<br>Michael J. Farnan (Bar No. 5165)<br>919 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 777-0300<br>bfarnan@farnanlaw.com<br>mfarnan@farnanlaw.com<br><br>Elizabeth J. Holland *(pro hac vice)*<br>Dov Hirsch *(pro hac vice)*<br>Mena J. Gaballah *(pro hac vice)*<br>ALLEN OVERY SHEARMAN STERLING US LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br><br>John T. Bennett *(pro hac vice)*<br>Nicholas K. Mitrokostas *(pro hac vice)*<br>Katherine P. Kieckhafer *(pro hac vice)*<br>Shaobo Zhu *(pro hac vice)*<br>ALLEN OVERY SHEARMAN STERLING US LLP<br>One Beacon Street<br>Boston, MA 02108<br><br>William G. James *(pro hac vice)*<br>Matthew R. Miner *(pro hac vice)*<br>ALLEN OVERY SHEARMAN STERLING US LLP<br>1101 New York Avenue, NW<br>Washington, D.C. 20005<br><br>*Attorneys for Plaintiff* |