HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA<br><br>Plaintiff,<br><br>v.<br><br>GENENTECH, INC.<br><br>Defendant. | C.A. No. 22-cv-145-JLH<br><br>**FILED UNDER SEAL** |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS A GENUINE ISSUE TO BE TRIED REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (NO. 4) OF NO EQUITABLE ESTOPPEL OR IMPLIED LICENSE**

Dated: December 4, 2024

Elizabeth J. Holland *(pro hac vice)*
Dov Hirsch *(pro hac vice)*
Mena J. Gaballah *(pro hac vice)*
ALLEN OVERY SHEARMAN STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020
(212) 610-6300
elizabeth.holland@aoshearman.com
dov.hirsch@aoshearman.com
mena.gaballah@aoshearman.com

John T. Bennett *(pro hac vice)*
Nicholas K. Mitrokostas *(pro hac vice)*
Katherine P. Kieckhafer *(pro hac vice)*
Shaobo Zhu *(pro hac vice)*
ALLEN OVERY SHEARMAN STERLING US LLP
One Beacon Street
Boston, MA 02108
(857) 353-4500
nicholas.mitrokostas@aoshearman.com
katherine.kieckhafer@aoshearman.com
shaobo.zhu@aoshearman.com

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
FARNAN LLP
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

William G. James *(pro hac vice)*
Matthew R. Miner *(pro hac vice)*
ALLEN OVERY SHEARMAN STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005
(202) 683-3800
william.james@aoshearman.com
matthew.miner@aoshearman.com

*Attorneys for Plaintiff*

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION

Plaintiff The Trustees of the University of Pennsylvania ("Penn") hereby responds to Genentech's Concise Statement of Material Facts as to which there is a Genuine Issue to Be Tried (D.I. 259) regarding Penn's motion for summary judgment (No. 4) of no equitable estoppel or implied license.

Penn's Response to Genentech's Statement of Fact ¶ 1: This paragraph is disputed but immaterial because it does not show and is irrelevant to Genentech's actual reliance or any implied license with respect to U.S. Patent No. 7,625,558 ("the '558 Patent"). *See, e.g.*, Opp'n Ex. 71 (1998 Penn Letter). For example, Genentech witness, Laura Storto, testified that she is not aware of any communication between Genentech and Penn regarding the '558 Patent prior to this litigation. *See, e.g.*, Opp'n Ex. 70 (Storto Dep.) 97:13-20.[1]

Penn's Response to Genentech's Statement of Fact ¶ 2: This paragraph is disputed but immaterial because none of the cited correspondence was related to the '558 Patent, all pre-date the '558 Patent, and are irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. *See* Opp'n Ex. 73 (1999 Genentech Email); Opp'n Ex. 74 (1999 Penn Letter).

Penn's Response to Genentech's Statement of Fact ¶ 3: This paragraph is disputed but immaterial because the 2000 Agreement was unrelated to the '558 Patent, licensed an unrelated application, and is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. *See, e.g.*, Opp'n Ex. 75 (2000 Agreement) at GNE-HER_003056810, -820.

Penn's Response to Genentech's Statement of Fact ¶ 4: This paragraph is disputed but immaterial because the 2004 Agreement was unrelated to the '558 Patent, licensed an unrelated patent, did not result in all agreed payments, and is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. *See, e.g.*, Opp'n Ex. 78 (2004 Agreement) at GNE-

---

[1] "Opp'n Ex." refers to the exhibits accompany the declaration of Stephen Maniscalco (D.I. 260).

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION

HER_003056776; Opp'n Ex. 84 (2010 Agreement) at GNE_UPENN_08086758; Ex. 12 (Johnson Opening Rpt.) ¶¶ 80, 94.

Penn's Response to Genentech's Statement of Fact ¶ 5: This paragraph is disputed but immaterial because it is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. Dr. O'Rourke reached out to Genentech to ask for certain information concerning Herceptin a part of a "personal research endeavor," because he is a neurosurgeon who "was particularly interested in the application of Herceptin with radiation to the brain because that's modality of treatment for brain metastatic disease," "in connection with his own treatment of patients." Opp'n Ex. 80 (O'Rourke Dep.) at 38:14-20, 43:20-44:6, 45:3-6. Dr. O'Rourke never shared this information with Penn. Reply Ex. 33 (O'Rourke Dep.) at 59:3-10.[2]

Penn's Response to Genentech's Statement of Fact ¶ 6: This paragraph is disputed but immaterial because the 2004 Agreement was unrelated to the '558 Patent, licensed an unrelated patent, and it is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. Furthermore, the 2004 Agreement left Genentech to use any "commercially reasonable efforts to develop, commercialize, market, and sell" trastuzumab and pertuzumab, according to a "development plan" Genentech itself devised—Penn never proposed or required radiation. Opp'n Ex. 78 (2004 Agreement) at GNE-HER_003056778.

Penn's Response to Genentech's Statement of Fact ¶ 7: This paragraph is disputed but immaterial because the 2010 Agreement was unrelated to the '558 Patent, settled a dispute about an unrelated patent, and it is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. Furthermore, the 2010 Agreement did not require Genentech to develop, commercialize, market, and sell trastuzumab and pertuzumab for use with radiation. Opp'n Ex. 78

---

[2] "Reply Ex." refers to the exhibits accompany the declaration of Shaobo Zhu filed herewith.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION

(2004 Agreement) at GNE-HER_003056778; Opp'n Ex. 84 (2010 Agreement) at GNE_UPENN_08086759.

Penn's Response to Genentech's Statement of Fact ¶ 8: This paragraph is disputed but immaterial because it is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. Further, the citations do not support the assertion that Penn actually received the cited progress report. Reply Ex. 34 at GNE_UPENN_08087790 (Genentech internal email to which Opp'n Ex. 87 was attached).

Penn's Response to Genentech's Statement of Fact ¶ 9: This paragraph is disputed but is immaterial because it is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. For example, Dr. Holt did not conclude that Penn was paid ████ but rather that Genentech owed Penn that compensation under the 2004 License. Ex. 77 (Holt Expert Report) at PENN-558PAT 00331648. The parties litigated whether Genentech had met its obligations. Opp'n Ex. 83 (Penn's 2016 Complaint).

Penn's Response to Genentech's Statement of Fact ¶ 10: This paragraph is disputed but is immaterial because it relates to litigation over the '752 patent and is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent.

Penn's Response to Genentech's Statement of Fact ¶ 11: This fact is not disputed.

Penn's Response to Genentech's Statement of Fact ¶ 12: This paragraph is disputed but is immaterial because it is irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. This allegation is speculation by Genentech's patent lawyer expert and not based on any contemporaneous evidence of actual reliance on Penn's purported conduct by Genentech.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION

Penn's Response to Genentech's Statement of Fact ¶ 13: This paragraph is disputed. It is based on other paragraphs that are immaterial and irrelevant to Genentech's actual reliance with respect to the '558 Patent. The citations referenced do not demonstrate or provide any contemporaneous evidence of Genentech's actual reliance on Penn's purported conduct with respect to the '558 Patent.

Penn's Response to Genentech's Statement of Fact ¶ 14: This paragraph is disputed. It is based on other paragraphs that are immaterial and irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. The citations referenced do not demonstrate or provide any contemporaneous evidence of Genentech's actual reliance on Penn's purported conduct with respect to the '558 Patent.

Penn's Response to Genentech's Statement of Fact ¶ 15: This paragraph is disputed. It is based on other paragraphs that are immaterial and irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent. The citations referenced do not demonstrate or provide any contemporaneous evidence of Genentech's actual reliance on Penn's purported conduct with respect to the '558 Patent.

Penn's Response to Genentech's Statement of Fact ¶ 16: This paragraph is disputed but is immaterial because the referenced "obligations" arose from agreements unrelated to the '558 Patent and therefore irrelevant to Genentech's actual reliance or any implied license with respect to the '558 Patent.

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY INFORMATION

Dated: December 4, 2024

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Elizabeth J. Holland *(pro hac vice)*
Dov Hirsch *(pro hac vice)*
Mena J. Gaballah *(pro hac vice)*
ALLEN OVERY SHEARMAN
STERLING US LLP
1221 Avenue of the Americas
New York, NY 10020

John T. Bennett *(pro hac vice)*
Nicholas K. Mitrokostas *(pro hac vice)*
Katherine P. Kieckhafer *(pro hac vice)*
Shaobo Zhu *(pro hac vice)*
ALLEN OVERY SHEARMAN
STERLING US LLP
One Beacon Street
Boston, MA 02108

William G. James *(pro hac vice)*
Matthew R. Miner *(pro hac vice)*
ALLEN OVERY SHEARMAN
STERLING US LLP
1101 New York Avenue, NW
Washington, D.C. 20005

*Attorneys for Plaintiff*