## Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Karen Jacobs**
(302) 351-9227
kjacobs@morrisnichols.com

February 13, 2025

The Honorable Jennifer L. Hall                         *VIA ELECTRONIC FILING*
J. Caleb Boggs Federal Building
844 N. King Street, Unit 17
Room 6312
Wilmington, DE 19801-3555

    Re:    *The Trustees of the University of Pennsylvania v. Genentech, Inc.*,
           C.A. No. 22-145 (JLH) (D. Del.)

Dear Judge Hall:

    I write on behalf of Genentech to request a conference with the Court at the Court's earliest opportunity regarding two issues for which Genentech would appreciate the Court's guidance.

    First, there is a significant divergence between the parties as to the scope of the case that remains following the Court's tentative rulings at the January 17, 2025 hearing.  It is Genentech's position that, if the Court issues an order, consistent with its tentative ruling (D.I. 304 at 97:17-22), granting summary judgment of invalidity under Section 112 for all of the claims except 73, 83, and 88, then Penn may no longer assert that Genentech induces infringement by selling Perjeta®, one of the four products currently accused in this case, because claims 73, 83, and 88 are limited to an antibody humanized from antibody "4D5," and Perjeta® (the parties agree) is not a 4D5 antibody.  From the parties' pretrial exchanges, it is clear that Penn believes that Perjeta sales are nevertheless still in the case even with the asserted claims narrowed by the Court's tentative ruling, despite never having asserted the remaining claims against Perjeta®, nor disclosed such a theory in any of Penn's infringement contentions.  Resolution of this dispute by letter briefing or otherwise would clarify—and, if Genentech is correct that Perjeta sales are out of the case, substantially narrow—the issues remaining for trial and the amount in controversy.

    Second, per the Court's suggestion at the January 17, 2025 hearing (D.I. 304 at 97:15-16), the parties have conferred about whether there should be a bench trial on equitable issues before any jury trial.  Genentech requests that the Court hold such a bench trial.  Penn has indicated that it opposes.

                                        Respectfully,

                                        */s/ Karen Jacobs*

                                        Karen Jacobs (#2881)

cc:    Clerk of the Court (via CM/ECF)
        All Counsel of Record (via CM/ECF and e-mail)