

February 14, 2025

**VIA E-FILING**
The Honorable Jennifer L. Hall
J. Caleb Boggs Federal Building
844 N. King Street
Unit 17, Room 3124
Wilmington, DE 19801-3555

      Re:   *The Trustees of the University of Pennsylvania v. Genentech, Inc.*
             <u>C.A. No. 22-cv-145-JLH</u>

Dear Judge Hall:

We write on behalf of Plaintiff The Trustees of the University of Pennsylvania ("Penn") in response to Genentech's February 13, 2025 letter to the Court, which (1) seeks permission to file a letter brief on the issue of whether Penn may seek damages for sales of Perjeta® and (2) requests a bench trial on equitable issues before the scheduled jury trial. D.I. 308. Penn opposes both requests.

<u>First</u>, Genentech's request for letter briefing disregards the deadlines the Court ordered for filing summary judgment and *Daubert* motions and is an attempt to get a belated second bite at the apple. Genentech's representation to the Court that Penn "never asserted" claims 73, 83, and 88 against Perjeta® is demonstrably incorrect. Both of Penn's clinical experts, Dr. Arica Hirsch and Dr. Marleen Meyers, clearly and unequivocally provided these opinions in their opening expert reports:

- "[B]ecause Perjeta is always administered with Herceptin, the administration of which infringes claim 73 of the '558 patent, the administration of Perjeta also directly infringes these claims for the same reasons discussed for Herceptin." Hirsch Opening Report n.162.
- "[F]or the reasons above, physicians prescribing and giving Perjeta in accordance with the prescribing information and clinical trials practice each and every limitation of claims 81 and 83." Hirsch Opening Report ¶ 188; *see also id.* ¶ 186; Meyers Opening Report ¶ 197, 200.
- "[B]ecause Perjeta is always administered with Herceptin or Herceptin Hylecta, the administration of which infringes claims 86 and 88 of the '558 patent, the administration of Perjeta also directly infringes these claims for the same reasons as discussed above for Herceptin or Herceptin Hylecta." Hirsch Opening Report ¶ 202; *see also id.* ¶ 204; Meyers Opening Report ¶ 220.

None of Genentech's experts took issue with these opinions in their rebuttal reports. Accordingly, Penn had no notice that this was even in dispute until Genentech recently raised it.

Similarly, Penn's damages expert James Malackowski, relying on the clinician experts and Genentech's own fact witnesses, explicitly opined in his report that Perjeta® is approved for use *only* in combination with Herceptin®. Malackowski Opening Report at 17 (citing the Deposition of Genentech witness, Melissa Abreu, at 39 (May 5, 2023)). Mr. Malackowski accordingly included Perjeta® sales in the royalty base for claims 73, 83, and 88. Far from challenging Mr. Malackowski's opinion, Genentech's damages expert, Carla Mulhern, agreed with it in her rebuttal report. Like Mr. Malackowski, Ms. Mulhern included Perjeta® sales in her own calculation of the royalty base "[i]n the event of a finding of liability limited to **one** or more of re-examined claims Nos. 35, 55, 60, 63, 68, **73**, 74, 79, 81, **83**, 84, 86, and **88**." Mulhern Rebuttal Report ¶ 5 (emphasis added).

In short, Genentech was clearly on notice about Penn's positions with respect to Perjeta® and claims 73, 83 and 88. Genentech had ample opportunity to challenge those positions in its rebuttal reports or by way of summary judgment or *Daubert* motion. It chose not to do so then, and now seeks to further skirt this Court's procedures, as it apparently does not want to use one of its three motions *in limine* in the Final Pretrial Order to address what is very clearly an issue regarding the scope of evidence disclosed in expert witness reports. Penn therefore respectfully requests that the Court deny Genentech's request for additional briefing outside the Court-ordered schedule.

Second, as Genentech's counsel noted during the January 17, 2025 hearing, the evidence on the equitable issues and willful infringement "are inextricably interlinked," and the common factual issues must be resolved by the jury before any bench trial can be held on Genentech's equitable defenses. D.I. 304 at 45:11-46:8. These common factual issues remain in the case for claims 73, 83, and 88. Penn does not waive its Seventh Amendment right to a jury trial to resolve these factual issues and, therefore, opposes Genentech's request for a bench trial on equitable issues prior to the jury trial.

We are available at the Court's convenience should Your Honor believe a conference is merited to discuss these issues.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (Via E-Mail)