IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA, </br></br> Plaintiff, </br></br> v. </br></br> GENENTECH, INC., </br></br> Defendant. | ) ) ) ) ) ) C.A. No. 22-145-JLH ) ) ) ) ) ) |

## ORDER

At Wilmington, this 3rd day of March, 2025;

1. For the reasons stated from the bench at the conclusion of the January 17, 2025 hearing, Defendant Genentech, Inc.'s Motion for Summary Judgment of Invalidity for Lack of Enablement and Written Description (D.I. 217) is GRANTED as to claims 8, 13, 15, 35, 55, 60, 63, 68, 74, 79, 81, 84, and 86 of U.S. Patent No. 7,625,558 and DENIED as to claims 73, 83, and 88.  The Court intends to issue a written opinion further explaining the basis for its ruling after trial.

2. For the reasons stated from the bench at the conclusion of the January 17, 2025 hearing, Plaintiff's Motion for Summary Judgment of No Invalidity Under Sec. 102(a) & (b) (Pietras Work) (D.I. 232), Plaintiff's Motion for Summary Judgment of No Invalidity Under Sec. 102(g)(2) (D.I. 233), Plaintiff's Motion for Summary Judgment of No Invalidity Under 102(b) (Pietras 1994) (D.I. 231), Plaintiff's Motion for Summary Judgment of No Equitable Estoppel or Implied License (D.I. 230), and Defendant Genentech, Inc's Motion for Summary Judgment of No Induced Infringement (D.I. 218) are DENIED.

3. As announced from the bench at the January 17, 2025 hearing, Defendant Genentech, Inc's Motion to Exclude in Part Expert Testimony of Daniel Troy and Robert Hrubiec (D.I. 219) and Plaintiff's Motion to Exclude Certain Opinions of Genentech's Expert Phillip Johnson Under Fed. R. Evid. 702 (D.I. 227) are GRANTED-IN-PART; the parties shall comply with the Court's January 17, 2025 Oral Order (D.I. 303).

4. As announced from the bench at the January 17, 2025 hearing, Plaintiff's Motion to Exclude Certain Opinions of Genentech's Expert Carla Mulhern Under Fed. R. Evid. 702 (D.I. 229) is DENIED. Pursuant to Federal Rule of Evidence 702, the Court finds that Ms. Mulhern is qualified and that it is more likely than not that (a) her specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the challenged testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the challenged opinions reflect a reliable application of the principles and methods to the facts of the case.

5. Defendant Genentech, Inc.'s Motion to Exclude in Part Expert Testimony of James Malackowski (D.I. 220) is DENIED. Pursuant to Federal Rule of Evidence 702, the Court finds that Mr. Malackowski is qualified and that it is more likely than not that (a) his specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the challenged testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the challenged opinions reflect a reliable application of the principles and methods to the facts of the case. In particular, having reviewed Mr. Malackowski's report, the Court finds that Mr. Malackowski conducts a sufficient comparability analysis at pages 41 to 47 of his report, and only uses the survey as a check at pages 49 and 61 (D.I. 226, Ex. 49).

6. Plaintiff's Motion to Exclude Certain Opinions of Genentech's Experts Rachel Blitzblau and Vijayakrishna K. Gadi Under FRE 702 (D.I. 228) is DENIED. The Court finds that the experts are qualified and that it is more likely than not that (a) their specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the challenged testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the challenged opinions reflect a reliable application of the principles and methods to the facts of the case. Penn contends that the opinions should be excluded because Drs. Blitzblau and Gadi erroneously "assume that evidence for induced infringement may only be found in a drug's 'Indications and Usage' and 'Dosage and Administration' sections." (D.I. 234 at 45.) Having reviewed the challenged opinions, I disagree. The opinions do not state or imply that evidence for induced infringement may only be found in those sections, and they instead analyze the labels as a whole. (*See* D.I. 260, Ex. 97 ¶¶ 115–138, Ex. 98 ¶¶ 109–124.)

7. The issue of equitable estoppel will be tried to the jury for an advisory verdict.

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

Corrected: March 4, 2025